## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
SHEILA L. SPIEVEY,                :
                                  :
         Plaintiff,               :
                                  :
v.                                :   Civil No. 3:17-cv-1639 (AWT)
                                  :
UNITED STATES OF AMERICA,         :
                                  :
         Defendant.               :
------------------------------- x
```

## <u>MEMORANDUM OPINION</u>

On November 12, 2015, plaintiff Sheila Spievey slipped and fell in the driveway near the entrance of the Newington Veterans Administration Hospital while she was accompanying her husband, Michael Spievey, to an appointment. The plaintiff was injured when she fell, and she claims that the United States is subject to premises liability because of the condition of the area where she fell.

For the reasons set forth below, after a bench trial, the court finds for the defendant.

### I.   FINDINGS OF FACT

At all relevant times, the defendant owned, leased, and/or was in control of the premises known as the Newington VA Hospital, which is located at 555 Willard Avenue, Newington, Connecticut. When the plaintiff accompanied her husband to an appointment at the Newington VA Hospital on November 12, 2015,

she was a business invitee.

The plaintiff and her husband parked their car and walked toward the main entrance. As the plaintiff and her husband headed toward the main entrance, they could have walked straight ahead from where they parked their car onto a sidewalk leading to the main entrance; they would have then turned right when they reached the sidewalk. They chose not to use the sidewalk. Rather, they stayed in the parking lot and turned right, walking with the sidewalk to their left.

Doing so, the plaintiff and her husband reached a crosswalk, which led to the same sidewalk. Where the crosswalk reached the sidewalk, there was a curb cut. The plaintiff and her husband chose not to take the crosswalk. Rather, they continued along from the parking lot into the driveway, with their sidewalk to their left.

The very outer portion (i.e., the portion next to the curb) of the sidewalk leading from the area adjacent to the crosswalk to the main entrance had been in need of repair; this portion appears to be no more than eight inches in width. The portion in need of repair along the curb originally ran from the crosswalk to at least the entrance doors.

Gary Grant was at all relevant times the Grounds Maintenance Supervisor. On August 26, 2014, Grant issued a purchase order for repair of this portion of the sidewalk

leading to the main entrance. Grant did not have enough funding to repair the entire portion running along the curb, so only a portion was repaired. The area that was repaired was the area starting adjacent to the curb cut and heading toward the main entrance.

Photographs show that there are control joints in the sidewalk. (Officer Armando Torres referred to these as "seams.") If the orange cone in Plaintiff's Exhibits 4 and 5 is just past the sixth control joint heading from the curb cut to the main entrance, then the repairs extended to the eighth control joint from the curb cut. These repairs were completed prior to November 12, 2015.

The plaintiff located the place where she fell in the driveway and partially onto the curb as being just past the sixth control joint from the curb cut, but photographs taken on the day of her fall and the testimony of Officer Torres establish that she fell between the first and second control joints. Under either scenario, however, the plaintiff fell adjacent to a place where the sidewalk had been repaired.

The plaintiff testified that there were rocks "everywhere," including where she was walking in the driveway. She testified that it felt like she was "walking on marbles" and then she started slipping. She put her hands out but she could not control the fall, and she fell forward. After she landed, she

was in serious pain and unable to move.

VA police officers Steven Labella and Armando Torres were
called to the scene of the accident. They were responsible for
conducting an investigation. Officer Labella prepared a report.
The report included photographs of the area where the plaintiff
fell that were taken by Officer Torres soon after the plaintiff
fell. The testimony of Officers Labella and Torres and the
photographs taken by Officer Torres establish that there were no
rocks or pebbles in the area to any degree that was noticeable.
Nor was there any other debris. However, the sidewalk and the
driveway were wet because it had rained, and there were leaves
on the driveway. These leaves are shown in the photographs taken
by Officer Torres. Officer Labella accurately described the
situation in his report as: "minimal amount of leaves on the
surface." Def.'s Ex. 9. The photographs taken on the day of the
plaintiff's fall show that while there were leaves in the
driveway, there were none on the sidewalk.

The plaintiff's own testimony and statements on the day of
her fall, and those of Michael Spievey, support the conclusion
that her fall was the result of something other than rocks
and/or pebbles in the driveway or on the sidewalk. The plaintiff
and her husband both testified that it was raining.

The plaintiff testified that she was moving quickly and did
not even think of going over to the sidewalk. Rather, they chose

to walk in the driveway because there was no traffic. The plaintiff was walking ahead of her husband, and he almost slipped on leaves trying to catch up with her.

Michael Spievey testified that they took what they perceived to be the shortest path to the main entrance; he testified that they did not use the sidewalk because the weather was inclement. During his testimony, Michael Spievey referred to the plaintiff's movements at the time as "running." The plaintiff was wearing "clog shoes." Def.'s Ex. 9.

In the statement Michael Spievey wrote and submitted to Officer Labella, Michael Spievey referred to "debris at our feet (leaves)." Def.'s Ex. 9 (Voluntary Witness Statement). The plaintiff told Officer Labella that she "slipped while walking toward the curb." Def.'s Ex. 9. The plaintiff told the medical personnel at the VA urgent care that "she may have slipped on wet leaves." Def.'s Ex. 3. The plaintiff also told the emergency medical technician that she "slipped on what she believes were wet leaves." Def.'s Ex. 1 at 2.

The plaintiff testified at trial that, on November 12th, she only told people that she had fallen on wet leaves because that was the explanation her husband had given to her. She testified further that later that day she realized that she had fallen on rocks and pebbles because she found rocks and/or pebbles in the soles of her shoes. However, when the plaintiff

called the VA patient advocate line on November 23rd, she stated
that she fell because "the leaves had not been cleaned up."
Def.'s Ex. 5. Then, when she visited a doctor on December 7,
2015, she explained that she had fallen "because she slipped on
a puddle and fell forward." Def.'s Ex. 4.

In light of the totality of the evidence, the plaintiff has
not established by a preponderance of the evidence that she was
forced to walk in the driveway because of the condition of the
sidewalk as she has claimed in the Complaint, nor that rocks
and/or pebbles in the driveway were a cause of her fall.

## II.  DISCUSSION

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b),
is a statutory waiver of the federal government's sovereign
immunity with respect to certain tort claims against the United
States. Under the FTCA, "[t]he United States shall be liable,
respecting the provisions of this title relating to tort claims,
in the same manner and to the same extent as a private
individual under like circumstances, but shall not be liable for
interest prior to judgment or for punitive damages." 28 U.S.C. §
2674.

The substantive tort law of the State of Connecticut
applies to this case because all of the alleged negligent
conduct occurred in Connecticut. See Hernandez v. United States,
939 F.3d 191, 198 (2d Cir. 2019) ("The source of substantive

liability under the FTCA is the law of the State." (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)) (internal quotation marks omitted)). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." Baptiste v. Better Val-U Supermarket, Inc., 262 Conn. 135, 138 (2002).

Because the plaintiff was a business invitee, the duty owed to the plaintiff by the defendant was a duty to maintain its premises in a reasonably safe condition. See Kelly v. Stop & Shop, Inc., 281 Conn. 768, 776 (2007) ("It is undisputed that the owner of a retail store has a duty to keep the premises in a reasonably safe condition for the benefit of its customers.").

With respect to breach by the defendant of a duty, the plaintiff must prove "(1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had existed for such a length of time that the defendant should, in the exercise of reasonable care, have discovered it in time to remedy it." Martin v. Stop & Shop Supermarket Cos., Inc., 70 Conn. App. 250, 251 (2002) (internal quotation marks omitted). In addition, as the Connecticut Supreme Court has explained:

> Typically, [f]or [a] plaintiff to recover for the
> breach of a duty owed to [him] as [a business]
> invitee, it [is] incumbent upon [him] to allege and
> prove that the defendant either had actual notice of
> the presence of the specific unsafe condition which

> caused [his injury] or constructive notice of it. . .
> . [T]he notice, whether actual or constructive, must
> be notice of the very defect which occasioned the
> injury and not merely of conditions naturally
> productive of that defect even though subsequently in
> fact producing it. . . . In the absence of allegations
> and proof of any facts that would give rise to an
> enhance duty . . . [a] defendant is held to the duty
> of protecting its business invitees from known,
> foreseeable dangers.

Kelly, 281 Conn. at 776 (quoting Baptiste, 262 Conn. at 140

(2002)) (citations and internal quotation marks omitted).

Here, the plaintiff has not proven that the defendant

breached a duty owed to her. The preponderance of the evidence

shows that all relevant portions of the sidewalk and the

driveway were being maintained in a reasonably safe condition at

the time the plaintiff fell. There was no defect at the place

where she fell. The plaintiff was not forced to walk in the

parking lot or on the driveway because of the condition of the

sidewalk. Rather, the plaintiff and her husband chose to walk to

the main entrance through the parking lot and driveway instead

of walking on the sidewalk that was provided because they wanted

to take the shortest path. There is no evidence that there were

leaves on that sidewalk, and the plaintiff negligently failed to

use that sidewalk to walk to the main entrance.

Accordingly, the plaintiff has failed to meet her burden of

proof with respect to her premises liability claim against the

defendant.

### III. CONCLUSION

Accordingly, judgment on the Complaint shall be entered in favor of defendant United States of America.

It is so ordered.

Dated this 13th day of June 2022, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
